IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES CHAPPELL and VERONICA WRIGHT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 12-0543-CG-N ) |
| BALDWIN COUNTY SHERIFF'S OFFICE, et al., | ) ) ) |
| Defendants. | ) |

*and*

| | |
|---|---|
| MARK SHANNON, | ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 12-0544-CG-N ) |
| BALDWIN COUNTY SHERIFF'S OFFICE, ET AL., | ) ) ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

The above-styled actions were opened on August 27, 2012, upon plaintiffs' filing of two motions to show cause (doc. 1, 2). The undersigned ordered (doc. 3) the plaintiffs' motions Stricken and set a deadline for plaintiffs to file complaints no later than October 12, 2012. The court explained the necessity of a complaint and that there could be no valid civil action without one. The court also counseled that plaintiffs' over-blown verbiage was not only unnecessary under Fed.R.Civ.P. 8(a), but had actually made the documents incomprehensible.

Despite the court's clear requirements, plaintiffs filed two more motions to show cause (docs. 7, 8 [Shannon case—6, 7]) as well as a document entitled "Writ of Recaption" (doc. 9

[Shannon case—8]) and another document entitled "Notice of Patent Infringement & Motion to Show Cause (doc. 10 [Shannon case—9]).  Again, these documents contained nonsensical, legal-sounding words and phrases which were meaningless, and plaintiffs again failed to file a complaint.  The undersigned struck the plaintiffs' new filings and, because plaintiffs were proceeding *pro se*, entered an order (doc. 11 [Shannon case—10]) in both cases allowing plaintiffs one final opportunity to file a complaint which contained a short and plain statement of the claims.  The deadline was December 10, 2012.

On December 10, 2012, plaintiffs James Chappell and Veronica Wright filed a document (doc. 12) in 12-cv-0543-CG-N: that document was entitled "Brief in Support of Motions."  That document can not be deemed to be a complaint, and provides no more clarity than plaintiffs' prior filings. The new document alleges, *inter alia*, that "the Federal Association of Magistrate Judges has attempted by trick or deception to garner consent, or acquiescence where none exists" and that "[t]he SHERIFF [sic] department, has been granted letter of marque… ."  Plaintiff Mark Shannon filed an identical document (doc. 11) in his case on December 12, 2012, three days after the deadline set by the court.

In the absence of a complaint, this court lacks jurisdiction over any claims which might be raised.  *See e.g.* P. K. Family Restaurant v. Internal Revenue Service, 535 F.Supp. 1223 (N.D.Ohio 1982) (absent a complaint, court has no jurisdiction); In re Market Basket, Inc., 122 F.Supp. 321 (W.D.Mo.1954)(same).  Further, these plaintiffs have willfully failed and/or intentionally refused to comply with the orders of this court.  The undersigned has allowed these litigants every opportunity to file documents upon which some form of relief might be granted, but every such effort has met with failure.  There appears to be no sufficient lesser sanction or alternative means of obtaining compliance.  *See* Fed.R.Civ.P. 41(b); Gratton v. Great American

Communications, 178 F.3d 1373, 1374 (11th Cir. 1999); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).[1]

Accordingly, it is hereby **RECOMMENDED** that the "Brief " filed by plaintiffs Chapell and Wright and by plaintiff Shannon be **STRICKEN** and that both actions be **DISMISSED without prejudice** for lack of jurisdiction and for failure to comply with the orders of the court.

*See* **Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.**

**DONE** this the 28th day of December, 2012.

/s/  Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The dismissal need not be made with prejudice; as this court can not determine what claim plaintiffs seek to raise, it would be unlikely that the court could determine with any certainty whether a later-filed action raised the same claim.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C.§ 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. §1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/  Katherine P. Nelson